## MALVINA FORSYTHE, TRUSTEE FOR THE HEIRS AND NEXT OF KIN OF BONNIE FORSYTHE, v. CITY OF THIEF RIVER FALLS.

208 N. W. 2d 756.

June 15, 1973—No. 43401.

*Wurst & McDowell* and *Robert A. Wurst,* for appellant.
*Neil A. McEwen,* for respondent.

Heard before Knutson, C. J., and Peterson, Todd, and Mac-Laughlin, JJ.

PETERSON, JUSTICE.

A new trial was ordered, on motion of plaintiff, because the trial court had not, in compliance with Rule 51, Rules of Civil Procedure,[1] unequivocally informed counsel of its intention to

---

[1] Rule 51 provides, in part: "At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party

instruct the jury on superseding cause, an omission which the trial court concluded was prejudicial error. Defendant appeals from that order. We affirm.

Plaintiff, as trustee for the heirs and next of kin of Bonnie Forsythe, decedent, brought a wrongful death action against the city of Thief River Falls for the drowning of Bonnie while swimming at defendant's municipal beach. The jury found defendant city negligent on evidence that the defendant's lifeguard was not at his post of duty; but it found that the defendant's negligence was not a direct cause of the accident. The jury found that Bonnie was negligent and that her negligence was the cause of her death. The finding that defendant's negligence was not a direct cause was made in the context of a superseding cause instruction,[2] presumably based on the intervention of a stranger responding to decedent's cry for help. We are not asked to determine whether, as a matter of substance, the instruction was appropriate, the sole issue being whether a new trial was warranted because of procedural error in giving the instruction.

At the close of testimony, defendant had submitted a request for the superseding cause instruction, to which plaintiff objected. In an off-the-record discussion at that time, the trial court indicated its intention to grant that request, but stated that it

---

may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform the counsel of its proposed action upon the requests prior to their arguments to the jury, and such action shall be made a part of the record."

[2] Instruction 142, Minnesota Jury Instruction Guides, which the trial court used, provides: "However, a cause is not a direct cause when there is a superseding cause. For a cause to be a superseding cause all the following elements must be present:

1. Its harmful effects must have occurred after the original negligence.

2. It must not have been brought about by the original negligence.

3. It must actively work to bring about a result which would not otherwise have followed from the original negligence.

4. It must not have been reasonably foreseeable by the original wrongdoer."

would make a final decision on the matter the next morning and would advise counsel if it was not to be given. The subject was not raised by the court or either counsel the next morning, however, and no ruling was made on the record. Neither counsel alluded to the issue of superseding cause in the final argument which followed.

The trial court, in its memorandum, indicated its belief that plaintiff's counsel did not understand that the instruction would be given and that "[m]anifestly, the court's initial ruling or statement left some doubt and required further clarification." Had plaintiff's counsel otherwise understood it, the court said, he "undoubtedly would have made a very persuasive argument in his client's behalf on this particular issue." Following post-verdict interrogation of the jury, moreover, the court concluded that the jury was confused by the undiscussed superseding cause instruction, a confusion manifest in its verdict that the defendant's negligence was not a direct cause of the fatal accident.

A primary purpose of Rule 51, as it is under the comparable Rule 51 of the Federal Rules of Civil Procedure, is to enable counsel intelligently to argue upon the evidence within the framework of the applicable law contained in the instructions thereafter to follow. And an additional purpose is to alert counsel so that appropriate exceptions may promptly be made following the giving of the instructions to the jury. See, Dunn v. St. Louis-San Francisco Ry. Co. 370 F. 2d 681 (10 Cir. 1966); Clegg v. Hardware Mutual Cas. Co. 264 F. 2d 152 (5 Cir. 1959); Tyrill v. Alcoa S. S. Co. 185 F. Supp. 822 (D. N. Y. 1960).

Noncompliance with Rule 51, Federal Rules of Civil Procedure, does not justify the granting of a new trial if the omission was harmless. Tyrill v. Alcoa S. S. Co. *supra.* We likewise hold noncompliance with our Rule 51 is reversible error only if the omission is prejudicial. Noncompliance was prejudicial where, as the trial court concluded, plaintiff was induced not to discuss the distinctly arguable issue of superseding cause, leaving the jury without guidance in understanding and applying this difficult

concept. We are not unmindful that the trial court generously accepted blame that was attributable as much to counsel's inattention to the status in which the matter had been left following the initial off-the-record discussion, but we defer to the trial court's appraisal favorable to plaintiff's counsel.[3] A manifest injustice may otherwise have resulted to plaintiff in view of a significant probability that the jury, deprived of benefit of argument by counsel concerning a stranger's lifesaving effort, did not have a sufficient understanding of the instruction.

Affirmed.

---

[3] New trials will not lightly be approved where a counsel is equally responsible for permitting judicial inadvertence in application of the rule. Cf. Knutson v. Arrigoni Brothers Co. 275 Minn. 408, 415, 147 N. W. 2d 561, 566 (1966).